UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIE THOMAS MURPHY,

    Plaintiff,

v.                                        Case No. 3:24cv552-TKW-HTC

JANET YELLEN, et al.,

    Defendants.

_____/

<u>ORDER</u> and
<u>REPORT AND RECOMMENDATION</u>

    Plaintiff Willie Thomas Murphy, a prisoner proceeding *pro se*, has filed a complaint under 42 U.S.C. § 1983 and other federal statutes[1] against state and federal officials for allegedly mishandling his Economic Impact Payment while incarcerated at Blackwater River Correctional Rehabilitation Facility. Doc. 1. In addition to the complaint, Murphy has also filed a motion to proceed *in forma pauperis*. Doc. 2.

    Upon review, the Court will GRANT Murphy's *in forma pauperis* motion under 28 U.S.C. § 1915 without the assessment of an initial partial filing fee. Doc. 2. However, upon review of the complaint, the undersigned finds this case should

---

[1] Murphy "alleges five (5) causes of actions pursuant 26 U.S.C. 7422 (1) a violation of the Administrative Procedure Act (APA) 5 U.S.C. 706(1) (2) a violation of the (ADA) 5 U.S.C.S. 706, 706(2); and (3) a violation of the 'CARES ACT' 26 U.S.C. 6428; and (4) a violation of 6402(d) offsets. Plaintiff avers the violation extends to the Little Tucker Act 28 U.S.C. 1346(a)(2)." Doc. 1 at 10-11.

be dismissed without prejudice as malicious under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915(A)(b) because Murphy failed to truthfully disclose his litigation history.

## I.   LEGAL STANDARD

Because Murphy is a prisoner proceeding *in forma pauperis* and seeking relief from government employees, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

## II.   FAILURE TO TRUTHFULLY DISCLOSE LITIGATION HISTORY

The Court's standard complaint form asks prisoners to disclose their litigation history—and unambiguously warns prisoners that, "***failure to disclose all prior state and federal cases [as directed] may result in dismissal of this case.***" Doc. 1 at 16-17. The complaint form also tells prisoners that they "should err on the side of caution" if they are uncertain whether a case should be identified. *Id.* at 17. Despite those clear instructions, Murphy failed to truthfully answer questions VIII.A. and VIII.C.

Question VIII.A. asks Murphy whether he has had "any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, *for failure to state a claim*, or prior to service." *Id.* at 17 (emphasis added). In response, he answered "NO" and did not disclose *Willie T. Murphy v. Dept. of Corrections, et al.*,

No. 06-20422-CV-Gold/White, at Doc. 12 (S.D. Fla. Jan. 11, 2007) (dismissed for failure to state a claim). While Murphy listed this case elsewhere on the complaint form in response to a different question, disclosure to a different question does not remedy his non-disclosure here. *See Jackson v. Fla. Dep't of Corrs.*, 491 F. App'x 129, 132 (11th Cir. 2012) (affirming dismissal without prejudice when plaintiff failed to truthfully disclose his litigation history by completely omitting one case and by failing to disclose another case even though it was cited elsewhere in the complaint form). Each question on the form has a different purpose and the Court should not have to pull the docket on each case to determine whether the plaintiff truthfully answered each question.[2] *See id.*

Murphy also failed to truthfully answer question VIII.C. That question asks whether he has had "any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either *challenging your conviction* or *relating to the conditions of your confinement*." Doc. 1 at 19 (emphasis added). In response, Murphy answered "YES" and disclosed six cases. However, the Court conducted an independent review and takes judicial notice of the following case—which Murphy did not disclose: *Willie T. Murphy v. Nikki Haley, et al.*, No. 3:11-cv-02663, at Doc. 41

---

[2] Question VIII.A. primarily inquires into whether the prisoner has had cases dismissed for reasons constituting "strikes" under the Prison Litigation Reform Act, 28 U.S.C. § 1915. If the Court permitted prisoners to argue they identified a "strike" case elsewhere, the Court would painstakingly need to review every case in the complaint form—checking each case's status and the dismissal orders. The Court thus relies on the truthfulness of the prisoner's responses.

(D.S.C. Apr. 18, 2012) (§ 1983 lawsuit "arising out of the actions [underlying Murphy's] incarceration in the Kershaw County Detention Center").[3]

Based on the foregoing, Murphy provided this Court with untruthful information, which he certified as truthful under penalty of perjury.[4] Murphy's *pro se* status does not excuse him from conforming to acceptable standards—namely, veracity. Murphy bears the obligation of remembering all cases he filed, and courts in this district will not tolerate excuses based on lack of memory or vague assertions about the unavailability of records. *See Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010) ("Even if [the prisoner] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); *see also Ferris v. State*, 2024 WL 2835479, at *2 (N.D. Fla. Mar. 11, 2024).

Furthermore, this Court will not tolerate false responses or statements in any pleading or motion as such responses threaten the quality of justice. Without penalty, Murphy would have little disincentive for further malfeasance. An appropriate sanction for Murphy's dishonesty is dismissal without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing the case without prejudice when prisoner failed to disclose one prior federal case that was

---

[3] The Willie T. Murphy who filed Case No. 3:11-cv-02663 bears the same inmate number as Plaintiff.

[4] Murphy signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." Doc. 1 at 23-24.

Case No. 3:24cv552-TKW-HTC

dismissed under 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence.").

As another judge from this District stated in a similar ruling, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020). Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Accordingly, it is ORDERED:

1. That Murphy's motion to proceed *in forma pauperis*, Doc. 2, is GRANTED. However, the total filing fee in this case remains $350.00. Thus,

pursuant to the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915, Murphy must pay the entire $350.00 filing fee **REGARDLESS OF THE DISPOSITION THIS CASE (including dismissal without prejudice)**.

2. As funds become available in Murphy's inmate account, he is required to make monthly payments of twenty (20) percent of the preceding month's income (that is, all funds deposited into his account) <u>in each case he has filed in this Court.</u>[5] The agency having custody of Murphy shall forward payments from Murphy's account to the clerk on a monthly basis each time the amount in the account exceeds $10.00. These payments shall continue <u>until the filing fee of $350.00 is paid in full in each case</u>. Personal checks directly from prisoners will not be accepted. The following information shall either be included on the face of the check or money order or attached thereto:

(1) the full name of the prisoner;
(2) the prisoner's inmate number; and
(3) Northern District of Florida Case Number: 3:24cv552-TKW-HTC

Checks or money orders which do not have this information will be returned to the penal institution or to Murphy.

3. The clerk shall mail a copy of this Order with the appropriate cover letter to: **Blackwater River Correctional Facility, 5914 Jeff Ates Road, Milton,**

---

[5] Thus, prisoners who have filed more than one case may be required to make payments totaling 40%, 60%, 80% or even 100% of their monthly deposits. *See Bruce v. Samuels*, 577 U.S. 82 (2016).

Case No. 3:24cv552-TKW-HTC

**Florida 32583-0000, Attention: Administrator of Inmate Accounts.** The Administrator should note that Murphy's inmate number is 165169.

4. MURPHY IS WARNED that he is ultimately responsible for payment of the filing fee in every case he has filed should the agency with custody over him lapse in its duty to make payments on his behalf. Furthermore, IF MURPHY IS TRANSFERRED to another jail or correctional institution, he must ensure the new institution is informed about this lawsuit and the required monthly payments as set out herein. Murphy should retain a copy of this Order for that purpose. Finally, Murphy is reminded that dismissal or other disposition of this action will NOT relieve him of the obligation to pay the full filing fee in this case.

It is also RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915(A)(b) for Murphy's abuse of the judicial process by failing to truthfully disclose his litigation history.

2. That the clerk close the file.

At Pensacola, Florida, this 8th day of November, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:24cv552-TKW-HTC